**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

               **Plaintiff,**

          v.                                         **12-CR-101A**

**CALVIN YOUNG, et al.**

               **Defendant.**
_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.   Dkt. #6.

## PRELIMINARY STATEMENT

The defendant, William Smith ("Smith"), along with seven others, is charged in a one-count, Superseding Indictment (Dkt. #10) with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine.  The defendants also face a forfeiture allegation.  Presently pending is Smith's motion seeking the suppression of his post arrest statements to law enforcement.  Dkt. #54.  This Court's Decision and Order on defendant Smith's non-dispositive discovery motions was filed separately.  What follows is this Court's Report, Recommendation and Order addressing defendant Smith's motion to suppress.

**DISCUSSION AND ANALYSIS**

The defendant has filed a bare bones motion seeking, the suppression of his post arrest, written statement made to law enforcement. Dkt. #54, pp.3-4. As a threshold matter, defendant Smith requests notice of the government's intention to use defendant Smith's statements, as well as a "full description of the circumstance in which they may have been made, as well as any documents pertinent to this issue." Dkt. #54, p.3. In its response, the government states, in part, "[t]he government hereby, pursuant to Rule 12(b)(4)(B), advises defendant of its intention to utilize said statement against the defendant." Dkt. #58, p.2.

The defendant then reserves his right to move to enlarge and supplement this motion to suppress any statements taken in violation of his Fifth Amendment rights. Notwithstanding this reservation of right both in his motion and during oral argument, defendant Smith has not filed any further affidavits or memoranda to supplement his motion motion. Finally, defendant Smith asserts that "he was [sic] does not recall the exact circumstances under which he may have been advised of his rights regarding providing a statement to law enforcement." Dkt. #54, p.3. It is on that basis that defendant Smith requests a hearing to determine whether his statements should be suppressed. In its response, the government states,

> [t]he preamble to the statement signed by the defendant reflects the Miranda Rights as provided to the defendant by Drug Enforcement Administration Special Agents Brian M. Chella and Michael D. Hill prior to defendant's execution of said statement which had also been verbally provided to the defendant earlier by S.A. Hill. Although the government bears the burden of establishing the voluntariness of

>statements, the defendant's assertion of improper
>administration provides no basis to establish the suppression thereof.

Dkt. #58, pp.2-3.

With respect to his motion concerning his statement to law enforcement, defendant Smith failed to support his motion with a personal affidavit setting forth facts and/or circumstances that would warrant the granting of the motion.  Since the defendant has failed to "create a dispute over any material fact," there is no requirement that the Court hold a hearing on his motion to suppress.  Furthermore, the government's uncontradicted response concerning the *Miranda* warnings given to the defendant and the document supplied in support of that assertion, refutes the defendant's claim for suppression of evidence.  Therefore, it is recommended that defendant's motion to suppress be denied.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            January 24, 2013

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**